IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| Brett Brecke and Joe Ockenfels, their capacity as the Trustees for the U.A. Local 125 Health and Welfare Fund, the U.A. Local 125 Retirement Savings Plan and the U.A. Local 125 Vacation Fund, and each of their successors,<br><br>    Plaintiffs,<br><br>Vs.<br><br>Ryan & Associates, Inc.,<br><br>    Defendant. | Case No.1:19-cv-00068 |

## COMPLAINT

Plaintiffs, for their complaint allege:

### IDENTITY OF PARTIES, JURISDICTION, VENUE

1. Plaintiffs, and any subsequently appointed successor, are Trustees of the U.A. Local 125 Health and Welfare Fund. The Fund is a multiemployer, jointly-trusteed fringe benefit plan created and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. § 186(c)(5). The Fund is administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, et seq. ("ERISA"), and is exempt from federal income taxation pursuant to Internal Revenue Code Section 501(c)(9).

2. Plaintiffs, and any subsequently appointed successor, are Trustees of the U.A. Local 125 Retirement Savings Plan. The Fund is a multiemployer, jointly-trusteed fringe benefit plan

1

created and maintained pursuant to Section 302(c)(5) of LMRA, 29 U.S.C. § 186(c)(5). The Fund is administered in accordance with the provisions of ERISA, and is exempt from federal income taxation pursuant to Internal Revenue Code Section 401(a).

3. Plaintiffs, and any subsequently appointed successor, are Trustees of the U.A. Local 125 Vacation Fund. The Fund is a multiemployer, jointly-trusteed fringe benefit plan created and maintained pursuant to Section 302(c)(6) of LMRA, 29 U.S.C. § 186(c)(6). The Fund is administered in accordance with the provisions of ERISA.

4. Plaintiffs, and any subsequently appointed successor, are Trustees of the respective Funds and fiduciaries under ERISA § 3(21), 29 U.S.C. § 1002(21).

5. Defendant Ryan & Associates, Inc. ("Ryan") is an Iowa business corporation. It operates in various geographical locations, including in and around the Cedar Rapids, Iowa area, as a mechanical contractor. Ryan's address is 10955 160th Street, Davenport, IA 52804. Defendant Ryan is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

6. This is an action to enforce the rights guaranteed by an agreement between an employer and a labor organization in an industry affecting commerce, in as much as it is an action by the Plaintiff Trustees of the respective Funds to enforce their rights to complete an audit of this employer's records to determine its compliance with its obligations under the collective bargaining agreement. Further, this is an action to collect any unpaid fringe benefit contributions determined to be due per the terms of a collective bargaining agreement. Subject matter jurisdiction over this controversy, therefore, is conferred upon this Court, without regard to the amount in controversy by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and ERISA § 515, 29 U.S.C. § 1145. Subject matter jurisdiction is also conferred by Section 301 of

the Labor Management Relations Act, 29 U.S.C. § 185.

7. The trust funds for which the Plaintiffs are Trustees are administered in Linn County, in the City of Cedar Rapids, Iowa, and therefore, venue is proper in this court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## COUNT I
### Failure to Allow an Audit

8. On January 21, 2014, Kevin Conklin on behalf of Defendant Ryan & Associates, Inc., executed a Collective Bargaining Agreement between the Dubuque Area and S.E. Iowa Area Chapters of the Mechanical Contractors Association of Iowa, Inc. and the Cedar Rapids Local Union No. 125 of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada ("2014 CBA"). The effective dates of the 2014 CBA were May 1, 2013 through April 30, 2017.

9. On May 1, 2017, Kevin Conklin on behalf of Defendant Ryan & Associates, Inc., executed a Collective Bargaining Agreement between the Dubuque Area and S.E. Iowa Area Chapters of the Mechanical Contractors Association of Iowa, Inc. and the Cedar Rapids Local Union No. 125 of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada ("2017 CBA"). The effective dates of the 2017 CBA are May 1, 2017 through April 30, 2021.

10. The Collective Bargaining Agreement and the agreements and declaration of trust establishing the trust funds for which the Plaintiffs are Trustees require employers such as Defendant Ryan to make fringe benefit contributions to the Funds in accordance with its terms. These contributions must be made on behalf of each bargaining unit employee as defined in the Collective Bargaining Agreement in amounts set forth and agreed upon therein.

11. The Collective Bargaining Agreement and the agreements and declaration of trust establishing the trust funds for which Plaintiffs are Trustees require employers, such as Defendant Ryan, to contribute every month, not later than the 15th day of the following month, such sums for Pension, Health and Welfare, and Vacation, as is designated in the wage schedule of the agreement, as updated from time to time by U.A. Local 125, for each hour worked by all employees covered by the agreement.

12. The employer is required to complete a report form with the information as required by the Trustees, identifying each of its employees and each hour worked by that employee during the month performing covered service. The report is required to be submitted with the payment for the amounts due not later than the 15th day of the following month.

13. The Collective Bargaining Agreement and the agreements and declaration of trust establishing the trust funds for which Plaintiffs are Trustees also require employers, such as Defendant Ryan, to promptly furnish to the Trustees, or their authorized agents, on demand, all necessary employment and payroll records relating to its employees covered by the agreements, including any other relevant information that may be required in connection with the administration of the Trust Funds. The Trustees or their authorized agents may examine such employment, or payroll records whenever such examination is deemed necessary by the Trustees or their authorized agents in connection with the proper administration of the Trust Funds.

14. The Trustees' right to audit an employer is further defined in the policy adopted by the Trustees pursuant to the authority provided in the agreements and declaration of trust, establishing the trust funds. Each contributing employer is subject to the provisions of the policies adopted by the Trustees.

15. On December 28, 2017, Plaintiffs requested that Defendant Ryan produce a complete set of records to the Trustees' auditor, CliftonLarsonAllen ("CLA"), for an audit.

16. In January 2018, CLA sent Ryan a letter detailing the records required to be produced for the audit period of January 2015 through December 2017.

17. Since December 2017, Defendant Ryan has failed to produce a complete set of records in the format requested by the Funds' auditor.

18. Defendant Ryan has expressed concerns regarding the security of the data production process, concerns which were addressed by CLA by providing Ryan access to a secure data portal.

19. In June 2019, the Trustees informed Defendant Ryan that the audit period was expanded to the period of January 2014 through the present.

20. Ryan recently produced a partial set of records through CLA's secure portal but has continued to refuse to produce a complete set of all required records to allow CLA to complete an audit.

21. Defendant Ryan has failed to fully comply with its obligation under the Collective Bargaining Agreement by failing to provide Plaintiffs with a complete set of records for audit.

22. Every month, until this matter is resolved either through dismissal or judgment, the Defendant will be obligated to remit a fringe fund report form as described above, and will be required to remit payment for the fringe benefit contributions due per the hours disclosed. If the report and / or the payment for the amounts due are not submitted by the 15th day of the following month, the Defendants will be delinquent for each such month.

## COUNT II
### Damages

23. In addition to the fringe benefit contributions due, ERISA § 502, 29 U.S.C. § 1132, provides for an award of interest on the unpaid contributions computed at a rate as provided in the plan, plus an award of the greater of liquidated damages of 20% of delinquent contributions as provided for in the Collective Bargaining Agreement and the agreements and declarations of trust under which the trust funds for which Plaintiffs are Trustees are established or a second award of interest.

24. Per the policy adopted by the Trustees, an employer is liable for interest on an audit amount due in the amount of eight percent per annum.

25. In addition, throughout the litigation of this matter, as set forth above, fringe benefit reports and payment for fringe benefit contributions will continue to become due. If the Defendant fails to timely submit a report and / or payment for the fringe benefit contributions for any subsequent month, the Defendant will be liable to the Plaintiffs for an additional 20% of the fringe benefit contribution amounts disclosed by the Defendant on the report form for that particular month.

26. The Collective Bargaining Agreement, the policy adopted by the Plaintiffs and the agreements and declarations of trust under which the trust funds for which the Plaintiffs are trustees are established, specifically provide that an employer, such as Ryan, is required to pay all costs of collection incurred by the Plaintiffs, including all attorney fees, costs, and disbursements. The Plaintiffs are also entitled to all attorney fees and costs incurred in this action under ERISA § 502, 29 U.S.C. § 1132.

27. Per the policy adopted by the Trustees, an employer is liable to and will indemnify

6

Case 1:19-cv-00068-LRR-KEM   Document 1   Filed 06/25/19   Page 6 of 8

the Funds against extraordinary expenses the Funds incur to audit an employer.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment of this Court against Defendant Ryan & Associates, Inc. as follows:

1. A judgment ordering and adjudging that Defendant is required to forthwith produce for inspection and audit a complete set of records, as required by the Plaintiffs for the period of January 2014 through the present.

2. A judgment for all amounts determined to be due pursuant to the audit.

3. A judgment for interest from the date the contributions were due through the date of the judgment, at the rate of 8.0% compounded monthly, on all of the unpaid fringe benefit contributions due from the audit, plus an additional award for liquidated damages of 20% of the unpaid contributions or a second award of interest, if greater.

4. A judgment for all amounts which become due per the reports which Defendant is obligated to submit throughout this litigation, including an additional 20% of any fringe benefit contribution amounts reported for the liquidated damages.

5. A judgment for the attorney fees and costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreement and plan documents.

6. A judgment ordering Defendant to indemnify the Funds against all extraordinary audit expenses the Funds incur through the date of judgment to audit Defendant, and a judgment for the extraordinary expenses the Funds have incurred through June 25, 2019 to audit Defendant.

7. Such other and future relief as the Court deems proper.

Respectfully Submitted,


/s/ Jennifer E. Germaine
Jennifer E. Germaine, AT00009844
Germaine Law Firm, PLLC
600 3rd Street SE, Suite 200
Cedar Rapids, Iowa 52401
Telephone: (319) 449-6969
Fax: (319) 450-0667
Email: jennifer@germainelawfirm.com
      kate@germainelawfirm.com
ATTORNEYS FOR PLAINTIFF