**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| Bret Brecke and Joe Ockenfels, in their capacity as the Trustees for the U.A. Local 125 Health and Welfare Fund, the U.A. Local 125 Retirement Savings Plan and the U.A. Local 125 Vacation Fund, Randy Staab and Jim Germaine, in their capacity as the Trustees for the Local Union No. 125 JATC Fund, and each of their successors, the United Association of Journeyman and Steamfitters Local 125, and Cedar Rapids Iowa City Mechanical Contracting Industry Development Fund,<br><br>Plaintiffs,<br><br>vs.<br><br>Ryan & Associates, Inc.,<br><br>Defendant. | Case No.1:19-cv-00068 LRR-KEM<br><br>**MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE A THIRD-PARTY COMPLAINT** |

The Employee Retirement Income Security Act of 1974 (ERISA) Section 515 protects multiemployer benefit plans, such as the Plaintiffs, from protracted and costly litigation to collect amounts due to the plans. Defendant Ryan & Associates is desperate to create a distraction from the simple fact that it owes the Plaintiffs in excess of $4,000,000 arising out of Ryan's breach of the Collective Bargaining Agreements. To distract the Court from the simple issue of its breach, Ryan first seeks to amend its answer to plead additional defenses and then it also seeks to drag two wholly unrelated employee benefit plans into this litigation without articulating a recognizable cause of action. ERISA Section 515 requires that both motions be denied. The Plaintiffs' claims should proceed without any further distractions.

43258837

## PROCEDURAL HISTORY

Plaintiffs filed the Summons and Complaint in this matter on June 26, 2019 (Docket # 1 and 2). The Defendant filed its Answer to the Complaint on July 19, 2019. (Docket # 7). The Court conducted a Scheduling Conference on September 25, 2019 and issued a Scheduling Order. (Docket # 13). Per that Scheduling Order, the deadline to amend the pleadings and to add new parties was November 22, 2019. On November 20, 2019, Plaintiffs filed and served an Amended Complaint. (Docket # 18). Defendant filed an Answer to the Amended Complaint on December 4, 2019. (Docket # 19).

On March 5, 2020, Defendant filed two motions, one seeking to amend its answer and affirmative defenses and another seeking to file a third-party complaint against wholly separate entities, unrelated to this litigation. This Memorandum addresses the motion for leave to file a third-party complaint. As more fully set forth below, the proposed third-party's liability does not depend upon Ryan's liability to the Plaintiffs and therefore the motion does not meet the requirements of Fed.R.Civ.P. 14. Furthermore, the third-party complaint attempts to raise an improper defense to the Plaintiffs' claims and it will unduly delay the current litigation, causing harm to the Plaintiffs. In addition, the motion is not timely. For the reasons set forth below, Defendant's motion should be denied.

## FACTUAL BACKGROUND

The Plaintiffs are trustees of four separate employee benefit plans, the Union and the Industry Fund. Amended Complaint, ¶ 1-7. (Docket # 18). The Defendant is an employer, signatory to two Collective Bargaining Agreements requiring the submission of certain amounts as defined in the Collective Bargaining Agreements, for payment of benefits and dues. Amended Complaint, ¶ 12-15 (Docket #18). In the Complaint, the Plaintiffs sought to compel the

Defendant to submit records to complete an audit to determine its compliance with the terms of the Collective Bargaining Agreements. Complaint, ¶ 15-22. (Docket #1).

After the filing of the Complaint, Defendant produced records for completion of the audit for the period of January 2014 through June 2019. With the Amended Complaint, Plaintiffs added additional parties to whom amounts were due per the same Collective Bargaining Agreements and included the amount due per the audit. Amended Complaint, ¶ 4, 6-7, 30. (Docket #18). The amount alleged due for unpaid contributions to the four employee benefit plans is $2,675,910.16. Amended Complaint, ¶ 30. (Docket #19). Defendant admits that is subject to the Collective Bargaining Agreements as referenced in the Amended Complaint at paragraphs 12 and 13. Amended Answer, ¶ 12-13. (Docket #19).

Defendant filed a motion on March 5, 2020 seeking leave to file a Third-Party Complaint. (Docket #21). The proposed Third-Party Complaint is against the trustees of two employee benefit plans, Plumbers and Pipefitters Local 25 Welfare Fund and Plumbers and Pipefitters Local No. 25 Pension Fund, which are wholly unrelated to Plaintiffs. Defendant also filed on March 5, 2020 a motion for leave to amend its answer and affirmative defenses. (Docket # 20). Plaintiffs have responded to that motion separately and incorporate the facts and arguments set forth in their Memorandum in Opposition.

Ryan's proposed Third-Party Complaint focuses solely on the terms of the Reciprocity Agreements. Third-Party Complaint, ¶8-16. (Docket 21-2). Most of the allegations regarding the terms of the Reciprocity Agreements are false and do not reflect the terms of the Agreements. *See* Affidavit of Shelley VanDraska, Exhibits A and B. (Docket #22-1). Regardless of the accuracy of the allegations, the proposed Third-Party Complaint hinges its claim against the Local 25 Funds on the single allegation:

15. To the extent Ryan is liable to the Local 125 Funds for any health and welfare or pension contributions it made directly to Local 25 funds for travelers whose home fund is Local 25, Ryan is entitled to equitable restitution or equitable refund from Local 25 for all amounts it is ordered to pay to Local 125 under the reciprocity agreements.

16. To the extent the Court finds Ryan mistakenly paid or overpaid the Local 25 Funds contributions which must be transferred or is owed to the Local 125 Funds, in whole or in part, Ryan is entitled to equitable restitution or refund from Local 25 Funds in the amounts ordered as due to the Local 125 Funds, including interest and any other equitable damages.

Third-Party Complaint, ¶15-16.

## Argument

The Defendant moves this court pursuant to Fed.R.Civ.P. 14 for leave of the Court to file and serve the draft Third-Party Complaint. Rule 14(a) provides that a defendant may only bring a third-party into the litigation "who is or may be liable to it for all or part of the claim against it." Fed.R.Civ.P. 14(a). The motion must be denied because Ryan has failed to articulate a theory under which the Local 25 plans are liable to it for the Plaintiffs' claims against Ryan.

### I. The proposed Third-Party Defendant's Liability is Not Based Upon Ryan's Liability to the Plaintiffs and Therefore the Motion Must Be Denied.

Ryan asserts it has a claim against two other non-related employee benefit plans on a theory of unjust enrichment and seeks a finding that the non-related plans are liable to Ryan for the amounts that the Court finds Ryan is liable to the Plaintiffs. The standard for allowing a defendant leave to file a third-party complaint is met only if the defendant establishes that the third-person's liability on the claim the defendant seeks to assert is dependent upon the outcome of the main claim. *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003).

The main claim in this litigation is that Ryan breached the Collective Bargaining Agreement by failing to pay all amounts due to the Plaintiffs, the Local 125 Fringe Benefit Funds, the Union and the Industry Fund. Ryan admits that the Third-Party Complaint only

relates to two of the six Plaintiffs and is limited to the Health and Welfare and Retirement Savings Funds.

Ryan's liability to the Plaintiffs is dependent solely upon the Collective Bargaining Agreements and the agreements and declarations of trust. Amended Complaint, ¶ 12-18. (Docket # 18). Ryan bases its entire claim against Local 25 on the Reciprocity Agreements. Ryan claims that "Ryan is entitled to equitable restitution or equitable refund from Local 25 for all amounts it is ordered to pay to Local 125 under the reciprocity agreements." Defendant's Third-Party Complaint, ¶ 15. (Docket # 21-2). But Ryan is not a party to the reciprocity agreements and such agreements have no bearing on Ryan's liability to Plaintiffs. At no point in the current litigation will there be any declaration regarding Ryan's liability under any reciprocity agreement. Ryan is liable to the Plaintiffs based upon the Collective Bargaining Agreements and the agreements and declarations of trust. This Court will find that Ryan has failed to pay significant amounts to all of the Plaintiffs and no part of that finding could reference or rely upon any reciprocity agreement because such agreements do not relate to Ryan's obligation to contribute to the Plaintiffs.

**II.     The proposed Third-Party Complaint Fails to Allege a Cause of Action and the Motion Must be Denied.**

The proposed Third-Party Complaint fails to allege a viable cause of action. An employee benefit plan may not allow any plan asset to be paid to a contributing employer, unless certain conditions are met. 26 U.S.C. § 401(a)(2); *see also* 29 U.S.C. § 1103(c). The conditions for a return of a contribution to an employer are set forth in the regulations. See 26 CFR §1.401(a)(2)-1(b)(1). No part of the proposed Third-Party Complaint even alleges any of these

requirements. As a threshold, Ryan fails to even allege that it made payments to Local 25 under a mistake of fact or law.

Furthermore, the determination of the amount which may be returned pursuant to the regulations is completely separate and distinct from any aspect of the current litigation between the Plaintiffs and Ryan. *See* 26 CFR §1.401(a)(2)-1(b)(2)(ii). The courts analyze claims for a return of contributions using a number of factors: 1) are unauthorized contributions the sort of mistaken payments that equity demands be refunded; (2) has the employer delayed bringing this action for so long that laches, or some other equitable defense, bars recovery; (3) has the employer, by continuing the payments for years without apparent question, somehow ratified past payments; and (4) can the employer demonstrate that the party from whom it seeks payment would be unjustly enriched if recovery were denied. *Greater St. Louis Construction Laborers Welfare Fund v. Park-Mark, Inc.*, 700 F3d 1130, 1135-36 (8th Cir. 2012). In the *Park-Mark* decision, even though overpayments were made, the Court held that the employer had failed to demonstrate that the plans' retention of the payments was inequitable. *Id.* at 1136. For example, the mistaken payments had benefited Park-Mark's employees through health coverage. *Id.* No facts or evidence relating in any manner to this required analysis as to whether Ryan's employees benefit through health coverage under Local 25, will be brought out in the Plaintiffs' claims against Ryan. And the detailed analysis of whether some amount of the payments should be returned will be time-consuming and costly. There is no efficiency in combining these claims with the Plaintiffs' claims against Ryan.

**III.     The Third-Party Complaint Will Unduly Complicate this Litigation.**

Finally, allowing this Third-Party Complaint will in circumvent the law which has developed regarding ERISA Section 515. As is set forth in greater detail in Plaintiffs'

Memorandum in Opposition to Defendant's Motion for Leave to Amend the Answer and Affirmative Defenses, courts have consistently recognized only two defenses to an ERISA Section 515 collection action: that the . . . contributions are themselves illegal or that the collective bargaining agreement is void." *Central States vs. Independent Fruit & Produce, Co.*, 919 F.2d. 1343, 1349 (8th Cir. 1990). The reason is that the purpose behind ERISA Section 515 is to simplify actions to collect delinquent contributions and to avoid costly litigation. *Central States, Southeast & Southwest Areas Pension Fund v. Gerber Truck Serv.,* 870 F.2d 1148, 1152 (7th Cir.1989).

Allowing Ryan to litigate a claim against Local 25 plans will unnecessarily complicate the current litigation, without any benefit of efficiency. Even if Ryan could articulate a cause of action under a theory of mistaken contributions, the factual basis for the claim is wholly unrelated to the Plaintiffs' claims against Ryan. Discovery in this matter has nearly been completed, with only eight weeks remaining before the close of discovery. The amount that Ryan owes the Fund includes claims for multiple entities, which Ryan admits have nothing to do with any reciprocity agreement. The amounts also include additional damages such as interest and liquidated damages, which have nothing to do with any claim Ryan might be able to articulate against the Local 25 plans.

Defendant's Motion for Leave to File a Third-Party Complaint should be denied. The proposed third-party defendants' liability to Ryan is not dependent upon Ryan's liability to the Plaintiffs. The proposed Third-Party Complaint completely fails to state a cause of action. The motion is not timely and will cause undue prejudice to the Plaintiffs. Finally, Defendant will not be precluded from pursuing Local 25 after the conclusion of this matter. For the reasons set forth above, Plaintiffs request that the Court deny Defendant's motion.

Respectfully submitted,

Dated: March 19, 2020

/s/ Pamela H. Nissen
Pamela H. Nissen, AT0014255
Reinhart Boerner Van Deuren s.c.
80 South 8th Street, Suite 900
Minneapolis, MN 55402
Telephone: (612) 225-4030
Fax: (414) 298-8097
Email: pnissen@reinhartlaw.com

ATTORNEYS FOR PLAINTIFFS

43258837
8
Case 1:19-cv-00068-LRR-KEM   Document 23   Filed 03/19/20   Page 8 of 8