| | |
|---|---|
| Bret Brecke and Joe Ockenfels, in their capacity as the Trustees for the U.A. Local 125 Health and Welfare Fund, the U.A. Local 125 Retirement Savings Plan and the U.A. Local 125 Vacation Fund, Randy Staab and Jim Germaine, in their capacity as the Trustees for the Local Union No. 125 JATC Fund, and each of their successors, the United Association of Journeyman and Steamfitters Local 125, and Cedar Rapids Iowa City Mechanical Contracting Industry Development Fund,<br><br>        Plaintiffs,<br><br>   vs.<br><br>Ryan & Associates, Inc.,<br><br>        Defendant. | Civil Action No. 1:19-cv-00068 LRR-KEM |

# REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR LEAVE TO FILE A THIRD-PARTY COMPLAINT

Defendant, Ryan & Associates, Inc. ("Ryan"), by and through its attorneys, hereby files this Reply in further support of its Motion for Leave to File a Third-Party Complaint against the Local 25 Funds (as defined in Ryan's opening papers in support). For the reasons set forth below, and for those set forth in Ryan's opening brief in support, the Court should grant Ryan's motion and grant it leave to file the third party complaint.

## I. Ryan's Claims Against The Local 25 Funds Fall Squarely Within Rule 14.

Fed. R. Civ. P. 14 allows defendants to implead another party who might be liable to them for all or part of plaintiff's claim. Fed. R. Civ. P. 14; *Discovery Group LLC v. Chapel Dev., LLC*, 574 F.3d 986 (8th Cir. 2009). There is no question that the claims Ryan asserts against the Local 25 Funds arise out of the same transaction or occurrence that is the subject matter of Plaintiffs' claim against Ryan--its contribution payments for employees, during the period of January 2014 through June 2019. The Court may find Ryan is not liable to Plaintiffs for contributions because, at least in part, the contributions sought by Plaintiffs were paid by Ryan to the ultimate correct fund recipient(s)--the Local 25 Funds under the mandates of certain reciprocity agreements between the Local 25 and Local 125 Funds.

But to the extent the Court finds that Ryan is liable to Plaintiffs, the Local 25 Funds must also be liable to Ryan, for the exact same reasons why Ryan is liable to Plaintiffs. Plaintiffs' opposition evidences that they seek to have this Court ignore this fact and view Ryan's obligations under the CBA in a vacuum. This could result in Ryan being inequitably forced to pay certain contributions for the same employees *twice*, and then later trying to recoup contributions it previously paid directly to employee's home local (Local 25 Fund). This result can be avoided if the Court simply permits Ryan to bring the Local 25 Fund into this lawsuit and

1

obtains jurisdiction over all interested parties related to Ryan's payment of the contributions Plaintiffs contend are in dispute.

For this reason, the Court should grant Ryan's motion.

## II. Plaintiffs Do Not Have Standing To Challenge The Propriety Of The Third Party Complaint.

Notwithstanding that Ryan has stated a valid claim for which relief may be granted against the Local 25 Funds, the Court is not required to determine merits of all defenses available to original defendant as long as the third-party action falls within general contours outlined by Fed. R. Civ. P. 14. *Lehman v. Revolution Portfolio LLC*, 166 F.3d 389 (1st Cir. 1999). Certainly the Local 25 Funds are free to defend against the third-party complaint should it be filed, considering that the allegations contained therein are presumed to be true. *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697-98 (8th Cir. 2003) (The court should accept as true the facts alleged in the third-party complaint at the motion to dismiss stage).

Further, there is no question that an employer/plan sponsor may sue under ERISA in order to recover mistakenly paid contributions. *Young America, Inc. v. Union Central Life Insurance Co.*, 101 F.3d 546, 548 (8th Cir. 1996) ("an employer has a federal common law action for restitution of mistakenly made payments to an ERISA plan."); *Am. Cleaners & Laundry Co. v. Textile Processors, Serv. Trades, Health Care, Prof'l & Tech. Emples. Int'l Union Local 161*, 482 F. Supp. 2d 1103, 1115-16 (E.D. Mo. 2007) (employer stated a claim unjust enrichment where it made overpayments to certain funds); *see also, Cent. States, Se. & Sw. Areas Pension Fund v. Wholesale Produce Supply C*o., 611 F.2d 694, 695 (8th Cir. 1979).

Thus, Plaintiffs' arguments as to the merits of the allegations contained in the proposed third-party complaint provide no basis for the Court to deny the motion.

2

**III.     Joining The Local 25 Funds Ensures The Efficient Resolution Of All Issues Raised In This Lawsuit.**

Plaintiff's response did not deny that it is likely that if Ryan is found liable in this lawsuit, it will be forced to make the same contribution for the same participants twice. Thus, joining the Local 25 Funds at this juncture avoids this inequitable result, as the Court would have jurisdiction over all of the interested parties and can fashion an equitable remedy in one stroke. No second lawsuit would be necessary, which saves the Court's resources (and Ryan's).[1]

*Greater St. Louis Const. Laborers Welfare Fund v. Park-Mark, Inc*., does not stand for the proposition that analyzing the amounts that should be returned to Ryan for contributions by the Local 25 Funds would be "time-consuming and costly." 700 F.3d 113, 1135-36 (8th Cir. 2012); (Doc. 23, p. 6.) *Park Mark* states that restitution for improperly paid contributions is proper if the party seeking restitution can establish that the remedy is "equitable under the circumstances." *Id.* at 113 (citation omitted). In the event that Plaintiffs prevail, from their perspective, nothing changes--the Court will enter an order requiring contributions. The entity that makes the contributions should not concern Plaintiffs; money is fungible. Judicial economy, however, is best served by having all parties in interest together in the same lawsuit to sort out how much is owed, and by which party. This analysis is no more time-consuming or complex than that which the Court will already be required to do. But to disallow the joinder of another party, the Court would have to oversee an entirely different lawsuit.

---

[1] Examples of equitable outcomes implicating the Local 25 Fund as a party: (1) Court orders Local 25 to directly pay Local 125 the purported errant contributions it received from Ryan; (2) Court concludes that certain contributions Ryan paid to Local 25, should be retained by Local 25 as they would be the home fund recipient under the reciprocity agreement and that Ryan is not liable for duplicate payments; (3) the Court orders that those contributions previously paid to Local 25 be refunded to Ryan, and then paid to Local 125; or (4) the Court orders Ryan to pay certain contributions to Local 125, and orders Local 25 to pay restitution to Ryan for that same amount.

Ryan acknowledges that defenses in ERISA section 515 claims are limited. But here, Ryan seeks leave to bring a third party claim against a party that actually received the contributions that Plaintiffs claim are outstanding, which in turn will enable this Court to reach the most efficient and equitable result as to Plaintiffs' claims.[2]

For this reason, the Court should grant Ryan's motion.

## IV. Ryan's Motion Is Timely Under The Circumstances.

Ryan acknowledges that its Motion for Leave to File the Third Party Complaint was made after the deadline set forth in the scheduling order. However, Rule 14 should be liberally construed in favor of impleading. *Fagen, Inc. v. Exergy Dev. Grp. of Idaho, LLC*, No. 12-CV-2703 (MJD/SER), 2013 U.S. Dist. LEXIS 153588, at *22 (D. Minn. Sep. 10, 2013). Plaintiffs' complaint of untimeliness would have the Court ignore the fact that Ryan only just discovered its claims against the Local 25 Funds and that Ryan has in fact sought leave to file the third-party complaint.[3]

Ryan became aware of its claim against the Local 25 Funds after Plaintiffs served reciprocity agreements between the Local 25 and Local 125 Funds. These agreements were served on January 10, 2020, along with the rest of Plaintiffs' production.[4] After receiving these agreements, Ryan's review of them revealed that the Local 25 Fund properly received the very contributions that Plaintiffs seek in this lawsuit. Specifically, the agreements provide that

---

[2] *See Waylander-Peterson Co. v. Great N. R. Co.*, 201 F.2d 408 (8th Cir. 1953) (improper to dismiss third-party complaint even where defense may not be raised as to plaintiff, but may properly be raised against third-party.)

[3] *See e.g., Angelle v. Spartan Offshore Drilling, LLC*, No. 17-7707, 2019 U.S. Dist. LEXIS 75597, at *5 (E.D. La. May 6, 2019) (third-party complaint proper where two months of discovery remained and many of the facts surrounding the third-party complaint overlapped with the facts of the instant case); *Charlotte Motor Speedway, Inc. v. International Ins. Co.*, 125 F.R.D. 127 (M.D.N.C. 1989) (third party complaint permitted after 19 month delay where new evidence obtained through discovery formed basis for third party claim and third party complaint was necessary for proper adjudication of rights of all parties involved).

[4] Plaintiff's document production is comprised of documents Bates labeled "Plt_000001 - Plt_012183."

4

employees of United Association travelers may be temporarily employed in the jurisdiction of United Association local unions other than the jurisdiction of their home local unions (Local 25), and therefore local funds (Local 125) may or shall, under various circumstances, remit employer contributions they receive to the home fund (Local 25) after receipt of certain contributions. Thus, Ryan's proposed Third Party Complaint against the Local 25 Funds only seeks relief to the extent the Court finds Ryan violated its duties under the governing CBA or made a mistake, and the reciprocity agreements provide Ryan with equitable claims against the Local 25 Funds (Doc. 21-2, ¶ 16.) There is no question that Ryan's third-party claims are valid and timely. 26 CFR §1.401(a)(2)-1(b)(2)(ii); *Park-Mark, Inc.*, 700 F.3d at 1135-36.

The purpose of Rule 14 is to avoid multiplicity of suits. *Waylander-Peterson Co. v. Great N. R. Co.*, 201 F.2d 408 (8th Cir. 1953); *Williams v. Ford Motor Credit Co.*, 627 F.2d 158, 160 (8th Cir. 1980) (third-party claims accelerate determination of the liability, if any, between the third-party plaintiff and the third-party defendant."); *Kan. Pub. Emples. Ret. Sys. v. Reimer & Koger Assocs.*, 4 F.3d 614, 616 (8th Cir. 1993) (Rule 14 also protects the third-party defendant against prejudice resulting from a failure to assert a particular defense against the original plaintiff and reduces the possibility of collusion between the plaintiff and the third-party plaintiff). The basic purpose of Rule 14 is achieved by granting Ryan's motion.

Thus, Ryan's motion is timely and filing the Third Party Complaint does not prejudice Plaintiffs or the Court.

## V.     Conclusion

For the foregoing reasons, Ryan's motion should be granted.

5

Respectfully submitted,

RYAN & ASSOCIATES, INC.

By */s/ Mikkie R. Schiltz*
   Mikkie R. Schiltz, One of Its Attorneys
LANE & WATERMAN LLP
220 North Main Street, Suite 600
Davenport, IA 52801
Telephone: (563) 324-3246
Facsimile: (563) 324-1616
Email: mschiltz@l-wlaw.com

**ATTORNEYS FOR DEFENDANT
RYAN & ASSOCIATES, INC.**

## CERTIFICATE OF SERVICE

    I hereby certify that on April 2, 2020, the foregoing was electronically filed with the Clerk of Court using the Court's E-Filing system which will provide notification of such filing to all parties of record.

By */s/ Mikkie R. Schiltz*

6

Case 1:19-cv-00068-LRR-KEM   Document 27   Filed 04/02/20   Page 7 of 7