IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| BRET BRECKE, as Trustee on behalf of Local 125 Health & Welfare, Local 125 Retirement Savings Plan, Local 125 Vacation Plan, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> RYAN & ASSOCIATES, INC., <br><br> Defendant. | No. 19-CV-68-LRR-KEM <br><br> **ORDER** |

Defendant Ryan & Associates Inc. (Ryan Inc.) moves for leave to amend its answer to add three affirmative defenses and leave to file a third-party complaint. Docs. 20, 21. Plaintiffs resist. Docs. 22, 23. Defendant filed replies to each response. Docs. 26, 27. For the reasons herein, I **grant** the motions (Docs. 20, 21).

## I.    BACKGROUND

Plaintiffs are trustees of six employee-benefit funds (Plaintiff Funds) governed by the Employee Retirement Income Security Act (ERISA).  *See* Doc. 18.  The complaint alleges that Ryan Inc., as a covered employer, is required to make contributions to the Plaintiff Funds under the terms of a collective bargaining agreement and failed to do so. *See id.*  Plaintiffs seek to recover the amount due to the Plaintiff Funds, as well as interest and liquidated damages under 29 U.S.C. § 1132(g)(2).

On September 26, 2019, the court entered a scheduling order, setting the following deadlines:

- Initial disclosures – 10/07/2019
- Add parties and amend pleadings – 11/22/2019
- Completion of discovery – 05/22/2020
- Dispositive motions – 06/23/2020

Doc. 13. A bench trial was scheduled for December 7, 2020. Doc. 14. On December 4, 2019, Ryan Inc. served its first set of interrogatories and requests for production on Plaintiffs. *See* Doc. 20-1; Doc. 22-4. One request specifically sought "reciprocity policies or agreements" between Plaintiff Funds and other funds involving traveling workers. Doc. 22-4 at 7. On January 10, 2020 (after the deadline to add parties and amend pleadings had passed), Plaintiffs served their responses to Ryan Inc.'s discovery requests. *See* Doc. 20-1. As part of their responses, Plaintiffs produced "reciprocity agreements" involving two of the six Plaintiff Funds. *See* Docs. 22-2, 22-3.

About two months later, on March 5, 2020, Ryan Inc. moved for leave to amend its answer to add affirmative defenses and for leave to file a third-party complaint based on the reciprocity agreements. Docs. 20, 21. In its proposed third-party complaint, Ryan Inc. alleges that the Plaintiff Funds and the proposed third-party defendants, the Local 25 Funds, are subject to reciprocity agreements with each other. Doc. 21-2. Ryan Inc. alleges that under the reciprocity agreements, when an employer (such as itself) pays a "local fund" (here, the Plaintiff Funds) for a project involving a traveling employee, the "local fund" is required to remit the contribution to the "home fund" (here, the Local 25 Funds). *Id.*; *see also* Docs. 20-1, 21-1. Ryan Inc. alleges that it paid all money owed to the Plaintiff Funds directly to the Local 25 Funds. Doc. 21-2. Ryan Inc. seeks to bring a claim of unjust enrichment against the Local 25 Funds. *Id.* Ryan Inc.'s theory is that if it is ordered to pay the Plaintiff Funds money as part of this lawsuit, the Plaintiff Funds will be required to remit that money to the Local 25 Funds under reciprocity agreements, unjustly enriching the Local 25 Funds, since they have already received

2

payment from Ryan Inc.  *Id.*  Ryan Inc. also seeks leave to add three affirmative defenses:  that any payments it owes the Plaintiff Funds are subject to "coordination of benefits, offset, integration[,] or other deduction or adjustment in accordance with the relevant reciprocity agreements"; that Ryan Inc.'s nonperformance or partial nonperformance of the collective bargaining agreement is excused due to its substantial performance and de minimis harm to the Plaintiff Funds; and that the claim for liquidated damages is void as a penalty.  Doc. 20-2.  Ryan Inc. explains that its theory for the last affirmative defense is that the purpose of the ERISA liquidated damages clause is to penalize and disincentivize late payments, and because it timely paid the Local 25 Funds (instead of Plaintiff Funds), it should not be required to pay liquidated damages.  Doc. 26.

Plaintiffs resist.  Docs. 22, 23.  Plaintiffs argue Ryan Inc. could have asserted its affirmative defenses earlier in the litigation, prior to the expiration of the deadline to amend pleadings, noting that Ryan Inc. specifically requested reciprocity agreements in its discovery requests in early December 2019.  Doc. 22.  Plaintiffs also argue that the proposed third-party complaint fails to allege a viable cause of action, citing the requirements of statutes and regulations governing the return of employer payments to employee-benefit funds.  Doc. 23.  Plaintiffs argue adding the Local 25 Funds as third-party defendants will unduly complicate this litigation, as less than two months of discovery remain, and Ryan Inc.'s claim against the Local 25 Funds involves a different agreement than Plaintiffs claim against Ryan Inc.  *Id.*

## II.  DISCUSSION

As an initial matter, because the deadline to amend pleadings and add parties established by the scheduling order expired in November 2019, Federal Rule of Civil Procedure 16(b)(4) requires Ryan Inc. demonstrate "good cause" to modify the schedule.  *See **Sherman v. Winco Fireworks, Inc.***, 532 F.3d 709, 16 (8th Cir. 2008).  In addition,

some district courts in the Eighth Circuit have suggested that a party must demonstrate excusable neglect to amend a pleading or add parties after the deadline has expired, relying on Federal Rule of Civil Procedure 6(b)(1)(B), which provides "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." *See* **Younie v. City of Hartley**, No. C14-4090-CJW, 2016 WL 2864442, at *3 (N.D. Iowa May 13, 2016); **BCD Farms, Inc. v. Certified Angus Beef, LLC**, No. 8:05CV25, 2007 WL 2344814, at *3 (D. Neb. Aug. 14, 2007); *but see* **Shank v. Carleton Coll.**, 329 F.R.D. 610, 614 n.2 (D. Minn. 2019); *cf.* **Sherman**, 532 F.3d at 716-17 (holding that Rule 16 good-cause standard governed amendment of pleadings after expiration of scheduling-order deadline, in addition to Rule 15 standard; not addressing Rule 6 and excusable neglect).

"The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." **Sherman**, 532 F.3d at 717 (quoting **Rahn v. Hawkins**, 464 F.3d 813, 822 (8th Cir. 2006), *overruled on other grounds by* **Avichail ex rel. T.S. v. St John's Mercy Health System**, 686 F.3d 548 (8th Cir. 2012)). A court may also consider prejudice to the nonmoving party caused by modification of the scheduling order, but this factor will generally not be considered if the moving party has not been diligent in meeting the scheduling-order deadlines. *Id*. Somewhat similarly, when analyzing excusable neglect, the court considers prejudice, the length of delay, the reason for the delay, and whether the movant acted in good faith. **Younie**, 2016 WL 2864442, at *3; **BCD Farms**, 2007 WL 2344814, at *3.

Here, Ryan Inc. argues that it could not have asserted its affirmative defenses or added the trustees of the Local 25 Funds as parties prior to the expiration of the scheduling-order deadline in November 2019, since Ryan Inc. did not receive the reciprocity agreements in discovery until January 2020. Ryan Inc. suggests that once it received the agreements, it worked diligently to seek leave to amend and to file a third-

4

party complaint. Plaintiffs argue that Ryan Inc. was on notice of the possibility of reciprocity agreements by at least early December 2019, since it specifically requested such agreements in its Requests for Production. I find, however, that until Ryan Inc. saw the existence and terms of the reciprocity agreements, it could not assert its affirmative defenses and third-party claims. Thus, I find that Ryan Inc. has demonstrated good cause and excusable neglect for failing to amend pleadings and add parties within the deadline established by the scheduling order.

The question becomes whether amendment of the answer is appropriate under Rule 15. "The court should freely give leave [to amend] when justice so requires." **Fed. R. Civ. P. 15(a)(2)**. Allowing amendment of pleadings under Rule 15 would be improper if the motion to amend involves "undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2009).

Plaintiffs argue that amendment to add the affirmative defenses would be futile. Plaintiffs cite *Central States, Southeast & Southwest Areas Pension Fund v. Independent Fruit & Produce Co.*, and the cases cited therein, as holding that there are only two recognized defenses to ERISA collection actions such as the one brought here: "that the [employer] contributions are themselves illegal or that the collective bargaining agreement is void." 919 F.2d 1343, 1349 (8th Cir. 1990) (citing cases "rejecting defense based on lack of majority status"; rejecting defenses of abandonment of contract and lack of majority representation"; "rejecting defense based on oral agreement between the parties not to enforce the written terms of the collective bargaining agreement as to some employees"; "rejecting as defense claim that union had agreed not to collect a payment called for by the agreement"; "rejecting claim that promise to make contributions was fraudulently induced"). As Ryan Inc. notes, all the cases cited by Plaintiffs involve defenses challenging the employer's obligation to make contributions under the collective

5

bargaining agreement, not an argument that the employer already made contributions, but to the wrong fund.  Ryan Inc. also cites cases recognizing the possible use of equitable defenses in an ERISA collection action (although none similar to the defenses it seeks to assert here).  *See Teamsters & Emp'rs Welfare Tr. of Ill. v. Gorman Bros. Ready Mix*, 283 F.3d 877, 879, 882-83 (7th Cir. 2002) (when defendant asserted laches defense to ERISA collection action, arguing that it "was misled by the disappearance of the first audit" and that the fund should not be able to recover amounts due under a second audit, the Seventh Circuit held that defendant's laches or equitable-estoppel defense "fails not because ERISA bars such a defense, but because its elements have not been proved"); *Trs. of N.M. Pipe Trades Health & Welfare Tr. Fund v. Mares Plumbing & Mech., Inc.*, No. CV 11-1065 BB-WDS, 2012 WL 13080108, at *3 (D.N.M. June 18, 2012) ("[S]ome federal courts have held that equitable estoppel and a handful of other equitable defenses may be applicable in actions seeking to recover delinquent trust fund contributions."); *Mass. Laborers' Health & Welfare Fund v. Explosives Eng'g, Inc.*, 136 F.R.D. 24, 28 (D. Mass. 1991) (noting that defendants may raise defenses involving "the actions of the fund itself in asserting its rights" in ERISA collection actions, such as "laches, waiver, fraud, estoppel, misrepresentation, or accord and satisfaction" (quoting *Laborers' Pension Fund v. Litgen Concrete Cutting & Coring Co.,* 128 F.R.D. 96, 98 n.2 (N.D. Ill. 1989))).  I agree with Ryan Inc. that it is not clear that amendment of the answer to add the affirmative defenses would be futile.  Therefore, I find the interests of justice would be served by amendment to add the affirmative defenses, and leave to amend should be granted under Rule 15.

Under Federal Rule of Civil Procedure 14(a)(1), a defendant seeking to file a third-party complaint "more than 14 days after serving its original answer" must "obtain the court's leave."  Courts generally consider the same criteria in deciding whether to grant leave to file a third-party complaint under Rule 14 as when deciding whether to grant leave to amend under Rule 15.  *See E³ Biofuels, LLC v. Biothane, LLC*, No. 8:11CV44,

6

2013 WL 3337315, at *1 (D. Neb. July 2, 2013); *Emmich v. Petree*, No. CIV. 11-5066-JLV, 2012 WL 1000447, at *2 (D.S.D. Mar. 23, 2012).

Plaintiffs suggest that Ryan Inc.'s proposed unjust-enrichment claim against the Local 25 Funds fails to state a claim and that therefore, filing the third-party complaint is futile. Plaintiffs point to provisions of the ERISA statutory and regulatory scheme providing that an employee-benefit fund may return contributions to an employer when the employer overpays due to a mistake of fact or law. *See* **29 U.S.C. § 1103(c)(2)(A)**; **26 C.F.R. § 1.401(a)(2)–1**. In *Young America, Inc. v. Union Central Life Insurance Co.*, 101 F.3d 546, 548 (8th Cir. 1996), the Eighth Circuit recognized based on these provisions "that an employer has a federal common law action for restitution of mistakenly made payments to an ERISA plan." In *Greater St. Louis Construction Laborers Welfare Fund v. Park-Mark, Inc.*, 700 F.3d 1130, 1135 (8th Cir. 2012), the Eighth Circuit held that "the first prerequisite in asserting a federal common-law claim for restitution" is "alleging . . . a mistake of law or fact in contributing to the [f]unds." The court noted that the employer must also establish "restitution is equitable" and outlined several factors to consider in making this determination, including unjust enrichment of the fund if recovery is denied. *Id.*

While I agree with Plaintiffs that Ryan Inc. likely cannot bring an unjust-enrichment claim distinct from the equitable claim outlined by the Eighth Circuit in *Young America* and *Greater St. Louis Construction*, Ryan Inc.'s proposed claim can be characterized as such an equitable claim. I disagree with Plaintiffs that the proposed third-party complaint fails to allege that Ryan Inc. overpaid the Local 25 Funds due to a mistake of fact or law—Ryan Inc. alleges that if it "mistakenly paid or overpaid the Local 25 Funds contributions" to which the Plaintiff Funds are entitled, Ryan Inc. "is entitled to equitable restitution or refund from the Local 25 Funds." Doc. 21-2. It is not apparent that Ryan Inc.'s unjust-enrichment claim is futile.

7

Plaintiffs argue that Ryan Inc.'s claim against the Local 25 Funds is not dependent on its liability to Plaintiffs, as required by Rule 14 for a defendant to bring a third-party complaint. I disagree. Ryan Inc.'s theory of unjust enrichment to the Local 25 Funds depends on Ryan Inc. being ordered to pay the Plaintiff Funds in the main action, and the Plaintiff Funds in turn giving that money to the Local 25 Funds under the reciprocity agreement (resulting in contributions from Ryan Inc. compensating the Local 25 Funds twice).

Plaintiffs also argue that the third-party complaint will unnecessarily complicate this litigation. Plaintiffs note that Ryan Inc.'s claim against the Local 25 Funds involves the reciprocity agreements, unlike Plaintiffs' claim against Ryan Inc., which involves the terms of the collective-bargaining agreement. Plaintiffs also note that less than two months remain until the close of discovery. Plaintiffs do not assert any reason why they would be unfairly prejudiced if this case is delayed due to the addition of a new party. *See E³ Biofuels*, 2013 WL 3337315, at *3-4 ("'[D]elay alone is not reason in and of itself to deny leave to amend,' [but] delay may be a reason to deny leave to amend if it would 'result[] in unfair prejudice to the party opposing amendment.'" (third alteration in original) (citation omitted) (quoting *Sanders v. Clemco Indus.*, 823 F.2d 214, 217 (8th Cir.1987))). Neither do they establish how they would be prejudiced by an added layer of complexity to the case by the involvement of an additional agreement. *See Payne v. Beef Prods., Inc.*, No. 8:10CV33, 2010 WL 3909460, at *2 (D. Neb. Sept. 30, 2010) (rejecting argument that additional complexity established undue prejudice). I do not find that Plaintiffs would be unduly prejudiced by the filing of the third-party complaint. Accordingly, I find that Ryan Inc. should be granted leave to file the third-party complaint.

### III. CONCLUSION

Ryan Inc.'s motions to amend its answer (Doc. 20) and to file a third-party complaint (Doc. 21) are **granted**. Defendant is granted leave to file and shall file clean versions of the amended answer (Doc. 20-3) and third-party complaint (Doc. 21-2).

**IT IS SO ORDERED** this 13th day of April, 2020.

_____
Kelly K.E. Mahoney
Chief United States Magistrate Judge
Northern District of Iowa