IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| Bret Brecke and Joe Ockenfels, in their capacity as the Trustees for the U.A. Local 125 Health and Welfare Fund, the U.A. Local 125 Retirement Savings Plan and the U.A. Local 125 Vacation Fund, Randy Staab and Jim Germaine, in their capacity as the Trustees for the Local Union No. 125 JATC Fund, and each of their successors, the United Association of Journeyman and Steamfitters Local 125, and Cedar Rapids Iowa City Mechanical Contracting Industry Development Fund, <br><br>　　　　　　Plaintiffs, <br><br>　vs. <br><br>Ryan & Associates, Inc., <br><br>　　　　　　Defendant. | Civil Action No. 1:19-cv-00068 LRR-KEM |

**DEFENDANT'S AMENDED ANSWER AND AFFIRMATIVE AND ADDITIONAL
DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT**

COMES NOW Defendant Ryan & Associates, Inc., by and through its attorneys, and for its Answer and Affirmative and Additional Defenses to Plaintiffs Bret Brecke and Joe Ockenfels, in their capacity as the Trustees for the U.A. Local 125 Health and Welfare Fund, the U.A. Local 125 Retirement Savings Plan and the U.A. Local 125 Vacation Fund, Randy Staab and Jim Germaine, in their capacity as the Trustees for the Local Union No. 125 JATC Fund, and each of their successors, the United Association of Journeyman and Steamfitters Local 125, and Cedar Rapids Iowa City Mechanical Contracting Industry Development Fund ("Plaintiffs") Amended Complaint, states as follows:

# IDENTITY OF PARTIES, JURISDICTION, VENUE

**COMPLAINT ¶1:**

Plaintiffs Brecke and Ockenfels, and any subsequently appointed successor, are Trustees of the U.A. Local 125 Health and Welfare Fund. The Fund is a multiemployer, jointly-trusteed fringe benefit plan created and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. § 186(c)(5). The Fund is administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, et seq. ("ERISA"), and is exempt from federal income taxation pursuant to Internal Revenue Code Section 501(c)(9).

**ANSWER:**

Based on information and belief, Defendant admits the allegations in Complaint Paragraph No. 1.

**COMPLAINT ¶2:**

Plaintiffs Brecke and Ockenfels, and any subsequently appointed successor, are Trustees of the U.A. Local 125 Retirement Savings Plan. The Retirement Savings Plan is a multiemployer, jointly-trusteed fringe benefit plan created and maintained pursuant to Section 302(c)(5) of LMRA, 29 U.S.C. § 186(c)(5). The Plan is administered in accordance with the provisions of ERISA, and is exempt from federal income taxation pursuant to Internal Revenue Code Section 401(a).

**ANSWER:**

Based on information and belief, Defendant admits the allegations in Complaint Paragraph No. 2.

**COMPLAINT ¶3:**

Plaintiffs Brecke and Ockenfels, and any subsequently appointed successor, are Trustees of the U.A. Local 125 Vacation Fund. The Vacation Fund is a multiemployer, jointly-trusteed fringe benefit plan created and maintained pursuant to Section 302(c)(6) of LMRA, 29 U.S.C. § 186(c)(6). The Vacation Fund is administered in accordance with the provisions of ERISA.

**ANSWER:**

Based on information and belief, Defendant admits the allegations in Complaint Paragraph No. 3.

**COMPLAINT ¶4:**

Plaintiffs Staab and Germaine, and any subsequently appointed successor, are Trustees of the Local Union No. 125 JATC Fund. The JATC Fund is a multiemployer, jointly-trusteed fringe benefit plan created and maintained in accordance with the provisions of ERISA. The Health and Welfare Fund, the Retirement Savings Plan, the Vacation Fund and the JATC Fund are collectively referred to as the "Fringe Benefit Funds".

**ANSWER:**

Based on information and belief, Defendant admits the allegations in Complaint Paragraph No. 4.

**COMPLAINT ¶5:**

Plaintiffs Brecke, Ockenfels, Staab and Germaine, and any subsequently appointed successor, are Trustees of the respective Fringe Benefit Funds referenced above and fiduciaries under ERISA § 3(21), 29 U.S.C. § 1002(21).

**ANSWER:**

The allegations in Complaint Paragraph No. 5 are legal conclusions, to which no response is required. To the extent a response is required, Defendant admits the allegations in Complaint Paragraph No. 5.

**COMPLAINT ¶6:**

Plaintiff United Association of Journeyman and Steamfitters Local 125 is a corporation, organized under Iowa Nonprofit Corporation Act, Chapter 504 ("Local 125"). Local 125 is a labor organization as defined under LMRA, 29 U.S.C. § 152, representing employees in an industry affecting commerce as defined under the LMRA. It is exempt from federal income taxation under Internal Revenue Code Section 501(c)(5). Local 125's address is 1839 16th Avenue SW, Cedar Rapids, IA 52404.

**ANSWER:**

Based on information and belief, Defendant admits the allegations in Complaint Paragraph No. 6.

**COMPLAINT ¶7:**

Plaintiffs Cedar Rapids Iowa City Mechanical Contracting Industry Development Fund is referred to in the Collective Bargaining Agreements as the "Industry Fund". This industry development fund is maintained and operated by the Mechanical Contractors Association of

Iowa, Inc. It is established as and operated an Iowa Business Corporation with a principal place of operation located at 3066 104th Street, Urbandale, IA 50322. The Industry Fund operates in an industry affecting commerce, to promote the interests of mechanical contractors in Cedar Rapids and the surrounding communities.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to what Plaintiffs means when they refers to "Collective Bargaining Agreements" or the "Industry Funds" referenced in those "Collective Bargaining Agreements." Defendant lacks knowledge or information sufficient to form a belief as whether the Cedar Rapids Iowa City Mechanical Contracting Industry Development Fund Defendant operates in an industry affecting commerce, to promote the interests of mechanical contractors in Cedar Rapids and the surrounding communities. Defendant admits that Mechanical Contractors Association of Iowa, Inc.'s is an Iowa Business Corporation and its principal place of operation is located at 3066 104th Street, Urbandale, IA 50322. Defendant denies any remaining allegations in Complaint Paragraph No. 7.

**COMPLAINT ¶8:**

Defendant Ryan & Associates, Inc. ("Ryan") is an Iowa business corporation. It operates in various geographical locations, including in and around the Cedar Rapids, Iowa area, as a mechanical contractor. Ryan's address is 10955 160th Street, Davenport, IA 52804. Defendant Ryan is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

**ANSWER:**

Defendant admits the allegations in Complaint Paragraph No. 8.

**COMPLAINT ¶9:**

This is an action to enforce the rights guaranteed by an agreement between an employer and a labor organization in an industry affecting commerce, in as much as it is an action by the Plaintiff Trustees of the respective Fringe Benefit Funds to enforce their rights to complete an audit of this employer's records to determine its compliance with its obligations under the collective bargaining agreement. Further, this is an action to collect any unpaid fringe benefit contributions determined to be due per the terms of a collective bargaining agreement. Subject matter jurisdiction over this controversy, therefore, is conferred upon this Court, without regard

to the amount in controversy by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and ERISA § 515, 29 U.S.C. § 1145.  This is also an action by a labor organization, representing employees in an industry affecting commerce, to enforce an employer's obligations under a collective bargaining agreement.  Subject matter jurisdiction is also conferred by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

**ANSWER:**

Defendant admits that Plaintiffs purport to bring this action to enforce certain rights to complete a payroll audit and collect yet-to-be-determined unpaid fringe benefit contributions under the terms of a collective bargaining agreement ("CBA"). Defendant further admits that Plaintiffs purport to bring this lawsuit under ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and ERISA § 515, 29 U.S.C. § 1145, and Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Defendant further admits that Plaintiffs purport to bring this action to enforce an employer's obligations under a collective bargaining agreement. Defendant further admits that, for purposes of this action only, the Court has jurisdiction over the subject matter of this action. Defendant denies the remaining allegations in Complaint Paragraph No. 9 and specifically denies that Plaintiffs are entitled to any relief whatsoever.

**COMPLAINT ¶10:**

With respect to the Industry Fund, this Court has supplemental jurisdiction over its claim to enforce the Defendant's obligations under the Collective Bargaining Agreements pursuant to 28 U.S.C. § 1367(a).  This matter does not raise a novel or complex issue of State Law and its claims arise out of the same transaction and events as the remaining Plaintiffs.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to what Plaintiffs means when they refers to "Collective Bargaining Agreements." Defendant further admits that, for purposes of this action only, the Court has supplemental jurisdiction over its Industry Fund

claim. Defendant denies the remaining allegations in Complaint Paragraph No. 10 and specifically denies that Plaintiffs are entitled to any relief whatsoever.

**COMPLAINT ¶11:**

The Fringe Benefit Funds for which the Plaintiffs are Trustees are administered in Linn County, in the City of Cedar Rapids, Iowa, and therefore, venue is proper in this court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2). Local 125 is also located in Linn County, in the City of Cedar Rapids, Iowa. Venue is proper for its claims pursuant to 29 U.S.C. § 185(a).

**ANSWER:**

For purposes of this action only, Defendant admits that venue is proper in the Northern District of Iowa. Defendant admits that Plaintiffs are located in the State of Iowa. Defendant lacks knowledge or information sufficient to form a belief as to remaining allegations in Complaint Paragraph No. 11. Defendant denies any remaining allegations in Complaint Paragraph No. 11.

## COUNT I
## Failure to Allow an Audit — Fringe Benefit Funds

**COMPLAINT ¶12:**

On January 21, 2014, Kevin Conklin on behalf of Defendant Ryan & Associates, Inc., executed a Collective Bargaining Agreement between the Dubuque Area and S.E. Iowa Area Chapters of the Mechanical Contractors Association of Iowa, Inc. and the Cedar Rapids Local Union No. 125 of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada ("2014 CBA"). The effective dates of the 2014 CBA were May 1, 2013 through April 30, 2017.

**ANSWER:**

Defendant admits that it was subject to a collective bargaining agreement entitled "Working Agreement Cedar Rapids Area Dubuque Area and S.E. Iowa Area Chapters of the Mechanical Contractors Association of Iowa, Inc. and Cedar Rapids Local Union No. 125 of the United Association of Journeymen & Apprentices of the Plumbing and Pipe Fitting Industry of the United States Effective May 1, 2013 through April 30, 2017." Defendant lacks knowledge or

information sufficient to form a belief as to remaining allegations in Complaint Paragraph No. 12. Defendant denies any remaining allegations in Complaint Paragraph No. 12.

**COMPLAINT ¶13:**

On May 1, 2017, Kevin Conklin on behalf of Defendant Ryan & Associates, Inc., executed a Collective Bargaining Agreement between the Dubuque Area and S.E. Iowa Area Chapters of the Mechanical Contractors Association of Iowa, Inc. and the Cedar Rapids Local Union No. 125 of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada ("2017 CBA"). The effective dates of the 2017 CBA are May 1, 2017 through April 30, 2021.

**ANSWER:**

Defendant admits that it is subject to a collective bargaining agreement entitled "Working Agreement Cedar Rapids Area Dubuque Area and S.E. Iowa Area Chapters of the Mechanical Contractors Association of Iowa, Inc. and Cedar Rapids Local Union No. 125 of the United Association of Journeymen & Apprentices of the Plumbing and Pipe Fitting Industry of the United States Effective May 1, 2017 through April 30, 2021." Defendant lacks knowledge or information sufficient to form a belief as to remaining allegations in Complaint Paragraph No. 13. Defendant denies any remaining allegations in Complaint Paragraph No. 13.

**COMPLAINT ¶14:**

The Collective Bargaining Agreement and the agreements and declaration of trust establishing the trust funds for which the Plaintiffs are Trustees require employers such as Defendant Ryan to make fringe benefit contributions to the Fringe Benefit Funds in accordance with its terms. These contributions must be made on behalf of each bargaining unit employee as defined in the Collective Bargaining Agreement in amounts set forth and agreed upon therein.

**ANSWER:**

The allegations in Complaint Paragraph No. 14 purport to recite the contents of written documents -- the CBAs and declaration of trust -- that speak for themselves and are the best evidence of their terms. To the extent that these allegations are inconsistent with or mischaracterize these documents, they are denied.

**COMPLAINT ¶15:**

The Collective Bargaining Agreement and the agreements and declaration of trust establishing the trust funds for which Plaintiffs are Trustees require employers, such as Defendant Ryan, to contribute every month, not later than the 15th day of the following month, such sums for Pension, Health and Welfare, and Vacation, as is designated in the wage schedule of the agreement, as updated from time to time by U.A. Local 125, for each hour worked by all employees covered by the agreement.

**ANSWER:**

The allegations in Complaint Paragraph No. 15 purport to recite the contents of written documents -- the CBAs and declaration of trust -- that speak for themselves and are the best evidence of their terms. To the extent that these allegations are inconsistent with or mischaracterize these documents, they are denied.

**COMPLAINT ¶16:**

The employer is required to complete a report form with the information as required by the Trustees, identifying each of its employees and each hour worked by that employee during the month performing covered service. The report is required to be submitted with the payment for the amounts due not later than the 15th day of the following month.

**ANSWER:**

The allegations in Complaint Paragraph No. 16 purport to recite the contents of written documents -- the CBAs and declaration of trust -- that speak for themselves and are the best evidence of their terms. To the extent that these allegations are inconsistent with or mischaracterize these documents, they are denied.

**COMPLAINT ¶17:**

The Collective Bargaining Agreement and the agreements and declaration of trust establishing the trust funds for which Plaintiffs are Trustees also require employers, such as Defendant Ryan, to promptly furnish to the Trustees, or their authorized agents, on demand, all necessary employment and payroll records relating to its employees covered by the agreements, including any other relevant information that may be required in connection with the administration of the Fringe Benefit Funds. The Trustees or their authorized agents may examine such employment, or payroll records whenever such examination is deemed necessary by the Trustees or their authorized agents in connection with the proper administration of the Fringe Benefit Funds.

**ANSWER:**

The allegations in Complaint Paragraph No. 17 purport to recite the contents of written documents -- the CBAs and declaration of trust -- that speak for themselves and are the best evidence of their terms. To the extent that these allegations are inconsistent with or mischaracterize these documents, they are denied.

**COMPLAINT ¶18:**

The Trustees' right to audit an employer is further defined in the policy adopted by the Trustees pursuant to the authority provided in the agreements and declaration of trust, establishing the Fringe Benefit Funds. Each contributing employer is subject to the provisions of the policies adopted by the Trustees.

**ANSWER:**

The allegations in Complaint Paragraph No. 18 purport to recite the contents of a written document -- a policy purportedly adopted by the Trustees - that speaks for itself and is the best evidence of its terms. To the extent that these allegations are inconsistent with or mischaracterize this document, they are denied. Defendant lacks information knowledge or information sufficient to form a belief as to whether the Fringe Benefit Funds or Trustees properly adopted and/or communicated the policy. Defendant denies any remaining allegations in Complaint Paragraph No. 18.

**COMPLAINT ¶19:**

On December 28, 2017, Plaintiffs requested that Defendant Ryan produce a complete set of records to the Trustees' auditor, CliftonLarsonAllen ("CLA"), for an audit.

**ANSWER:**

Defendant admits that it received a letter from the U.A. Local 125 Fringe Benefit Funds dated December 28, 2017. Defendant denies the remaining allegations in Complaint Paragraph No. 19.

**COMPLAINT ¶20:**

In January 2018, CLA sent Ryan a letter detailing the records required to be produced for the audit period of January 2015 through December 2017.

**ANSWER:**

Defendant admits that it received a letter from CliftonLarsonAllen dated January 12, 2018. The remaining allegations in Complaint Paragraph No. 20 purport to recite the contents of a written document -- the January 12, 2018 letter -- that speaks for itself and is the best evidence of its terms. To the extent that these allegations are inconsistent with or mischaracterize this document, they are denied.

**COMPLAINT ¶21:**

Between December 2017 and July 2019, Defendant Ryan failed to produce a complete set of records in the format requested by the Fringe Benefit Funds' auditor.

**ANSWER:**

Defendant denies the allegations in Complaint Paragraph No. 21.

**COMPLAINT ¶22:**

Defendant Ryan has expressed concerns regarding the security of the data production process, concerns which were addressed by CLA by providing Ryan access to a secure data portal.

**ANSWER:**

Defendant admits that it has expressed concerns about confidentiality. Defendant denies the remaining allegations in Complaint Paragraph No. 22.

**COMPLAINT ¶23:**

In June 2019, the Trustees informed Defendant Ryan that the audit period was expanded to the period of January 2014 through the present.

**ANSWER:**

Defendant admits that, in June 2019, it was informed that the U.A. Local 125 Fringe Benefit Funds was expanding the scope of the payroll audit from January 2014 through present. Defendant denies the remaining allegations in Complaint Paragraph No. 23.

**COMPLAINT ¶24:**

Ryan recently produced a partial set of records through CLA's secure portal but has continued to refuse to produce a complete set of all required records to allow CLA to complete an audit.

**ANSWER:**

Defendant admits that it has produced certain records to CliftonLarsonAllen through its secure portal. Defendant denies the allegations in Complaint Paragraph No. 24.

**COMPLAINT ¶25:**

Defendant Ryan has failed to fully comply with its obligation under the Collective Bargaining Agreement by failing to provide Plaintiffs with a complete set of records for audit.

**ANSWER:**

Defendant denies the allegations in Complaint Paragraph No. 25.

**COMPLAINT ¶26:**

Every month, until this matter is resolved either through dismissal or judgment, the Defendant will be obligated to remit a fringe fund report form as described above, and will be required to remit payment for the fringe benefit contributions due per the hours disclosed. If the report and / or the payment for the amounts due are not submitted by the 15th day of the following month, the Defendants will be delinquent for each such month.

**ANSWER:**

Defendant admits that it has ongoing reporting and contribution obligations. The remaining allegations in Complaint Paragraph No. 26 purport to recite the contents of written documents -- the CBAs and declaration of trust -- that speak for themselves and are the best evidence of their terms. To the extent that these allegations are inconsistent with or mischaracterize these documents, they are denied.

## COUNT II
## Audit Amount Due — Fringe Benefit Funds

**COMPLAINT ¶27:**

Plaintiffs reallege and incorporate by reference the above paragraphs.

**ANSWER:**

Defendant incorporates by reference their responses to Paragraphs 1 through 26, as if fully repeated herein.

**COMPLAINT ¶28:**

After this Complaint was filed and served, Defendant completed the production of records for an audit for the Fringe Benefit Funds.

**ANSWER:**

Defendant admits that it has produced certain records to CliftonLarsonAllen in connection with the Funds' audit. Defendant denies the remaining allegations in Complaint Paragraph No. 28.

**COMPLAINT ¶29:**

The Fringe Benefit Funds reviewed the records produced and determined, based upon the documents provided by the Defendant, amounts were owing to each of the Fringe Benefit Funds for unpaid fringe benefit contributions as provided for in the CBAs.

**ANSWER:**

Defendant admits that the Funds' auditor reviewed records produced and determined certain amounts were owed to the Funds for unpaid contributions. Defendant denies the remaining allegations in Complaint Paragraph No. 29 and specifically denies that Ryan owes Plaintiffs any contributions and that Plaintiffs are entitled to any relief whatsoever.

**COMPLAINT ¶30:**

Specifically, for the period of January 2014 through June 2019, the Fringe Benefit Funds' auditor identified hours worked by employees within the jurisdiction of the CBAs, which were not reported to the Fringe Benefit Funds. The unreported hours total 231,762.54. The unpaid

fringe benefit contributions Defendant owes to the Fringe Benefit Funds based upon those unreported hours total $2,675,910.16.

**ANSWER:**

Defendant admits that the Funds' auditor purportedly found certain alleged unreported hours and unpaid contributions. Defendant denies the remaining allegations in Complaint Paragraph No. 30 and specifically denies that Ryan under failed to report hours or make contributions. Defendant further denies that it owes Plaintiffs any contributions and that Plaintiffs are entitled to any relief whatsoever.

## COUNT III
## Amount Due to Local 125

**COMPLAINT ¶31:**

Plaintiffs reallege and incorporate by reference the above paragraphs.

**ANSWER:**

Defendant incorporates by reference their responses to Paragraphs 1 through 30, as if fully repeated herein.

**COMPLAINT ¶32:**

The CBAs provide that the employer is obligated to remit to Local 125 an amount as defined in the CBA, for Working Assessment Dues for each employee who has submitted a wage withholding authorization.

**ANSWER:**

The allegations in Complaint Paragraph No. 32 purport to recite the contents of written documents -- the CBAs -- that speak for themselves and are the best evidence of their terms. To the extent that these allegations are inconsistent with or mischaracterize these documents, they are denied.

**COMPLAINT ¶33:**

The deduction for the Working Assessment Dues is subject to the same delinquencies and penalties as provided in Section 3 of the CBA if not paid at the appropriate time.

**ANSWER:**

The allegations in Complaint Paragraph No. 33 purport to recite the contents of written documents -- the CBAs -- that speak for themselves and are the best evidence of their terms. To the extent that these allegations are inconsistent with or mischaracterize these documents, they are denied.

**COMPLAINT ¶34:**

Defendant owes to Local 125 all amounts due per the CBA for the audit period of January 2014 through June 2019 for amounts due for Working Assessment Dues, plus liquidated damages and interest.

**ANSWER:**

Defendant denies the allegations in Complaint Paragraph No. 34.

## COUNT IV
## Amount Due to the Industry Fund

**COMPLAINT ¶35:**

Plaintiffs reallege and incorporate by reference the above paragraphs.

**ANSWER:**

Defendant incorporates by reference their responses to Paragraphs 1 through 34, as if fully repeated herein.

**COMPLAINT ¶36:**

Defendant owes to the Cedar Rapids Iowa City Mechanical Contracting Industry Development Fund an amount as identified in the CBAs for each hour its employees worked within the jurisdiction of the CBA.  Upon information and belief, none of the hours identified by the Fringe Benefit Funds' auditor have been reported and paid to the Industry Fund.

**ANSWER:**

Defendant denies the allegations in Complaint Paragraph No. 35.

## COUNT IV
### Damages

**COMPLAINT ¶37:**

In addition to the fringe benefit contributions due, ERISA § 502, 29 U.S.C. § 1132, provides for an award of interest on the unpaid contributions computed at a rate as provided in the plan, plus an award of the greater of liquidated damages of 20% of delinquent contributions as provided for in the Collective Bargaining Agreement and the agreements and declarations of trust under which the trust funds for which Plaintiffs are Trustees are established or a second award of interest.

**ANSWER:**

Defendant denies the allegations in Complaint Paragraph No. 37.

**COMPLAINT ¶38:**

Per the policy adopted by the Trustees, an employer is liable for interest on an audit amount due in the amount of eight percent per annum.

**ANSWER:**

The allegations in Complaint Paragraph No. 38 purport to recite the contents of a written document -- a policy purportedly adopted by the Trustees - that speaks for itself and is the best evidence of its terms. To the extent that these allegations are inconsistent with or mischaracterize this document, they are denied. Defendant lacks information knowledge or information sufficient to form a belief as to whether the Fringe Benefit Funds or Trustees properly adopted and/or communicated the policy. Defendant denies any remaining allegations in Complaint Paragraph No. 38.

**COMPLAINT ¶39:**

In addition, throughout the litigation of this matter, as set forth above, fringe benefit reports and payment for fringe benefit contributions will continue to become due. If the Defendant fails to timely submit a report and / or payment for the fringe benefit contributions for any subsequent month, the Defendant will be liable to the Plaintiffs for an additional 20% of the fringe benefit contribution amounts disclosed by the Defendant on the report form for that particular month.

**ANSWER:**

Defendant admits that it has ongoing reporting and contribution obligations. The remaining allegations in Complaint Paragraph No. 39 purport to recite the contents of written documents -- the CBAs and declaration of trust -- that speak for themselves and are the best evidence of their terms. To the extent that these allegations are inconsistent with or mischaracterize these documents, they are denied.

**COMPLAINT ¶40:**

The Collective Bargaining Agreement, the policy adopted by the Plaintiffs and the agreements and declarations of trust under which the trust funds for which the Plaintiffs are trustees are established, specifically provide that an employer, such as Ryan, is required to pay all costs of collection incurred by the Plaintiffs, including all attorney fees, costs, and disbursements.  The Plaintiffs are also entitled to all attorney fees and costs incurred in this action under ERISA § 502, 29 U.S.C. § 1132.

**ANSWER:**

Defendant denies that Plaintiffs are entitled to all attorney fees and costs incurred in this action. The remaining allegations in Complaint Paragraph No. 40 purport to recite the contents of written documents -- the CBAs, declaration of trust, and a policy purportedly adopted by the Plaintiffs -- that speak for themselves and are the best evidence of their terms. To the extent that these allegations are inconsistent with or mischaracterize these documents, they are denied. Defendant lacks information knowledge or information sufficient to form a belief as to whether the Plaintiffs properly adopted and/or communicated the policy. Defendant denies any remaining allegations in Complaint Paragraph No. 40.

**COMPLAINT ¶41:**

Per the policy adopted by the Trustees, an employer is liable to and will indemnify the Fringe Benefit Funds against extraordinary expenses the Fringe Benefit Funds incur to audit an employer.

**ANSWER:**

The allegations in Complaint Paragraph No. 41 purport to recite the contents of a written document -- a policy purportedly adopted by the Trustees - that speaks for itself and is the best evidence of its terms. To the extent that these allegations are inconsistent with or mischaracterize this document, they are denied. Defendant lacks information knowledge or information sufficient to form a belief as to whether the Fringe Benefit Funds or Trustees properly adopted and/or communicated the policy. Defendant denies any remaining allegations in Complaint Paragraph No. 41.

**COMPLAINT ¶42:**

Based upon the records provided by the Defendant and the unpaid fringe benefit contributions discovered to be due and owing, Defendants are liable for liquidated damages in the amount of $535,182.03. Interest on the unpaid contributions through August 15, 2019 totals $775,069.84. Interest charges will continue to accrue throughout the litigation.

**ANSWER:**

Defendant denies the allegations in Complaint Paragraph No. 42.

**PRAYER FOR RELIEF:**

WHEREFORE, Plaintiffs demand judgment of this Court against Defendant Ryan & Associates, Inc. as follows:

1. A judgment for all amounts determined to be due pursuant to the audit.

2. A judgment for interest from the date the contributions were due through the date of the judgment, at the rate of 8.0% compounded monthly, on all of the unpaid fringe benefit contributions due from the audit, plus an additional award for liquidated damages of 20% of the unpaid contributions or a second award of interest, if greater.

3. A judgment for all amounts which become due per the reports which Defendant is obligated to submit throughout this litigation, including an additional 20% of any fringe benefit contribution amounts reported for the liquidated damages.

4. A judgment for the attorney fees and costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreement and plan documents.

5. A judgment ordering Defendant to indemnify the Fringe Benefit Funds against all extraordinary audit expenses the Fringe Benefit Funds incur through the date of judgment to audit Defendant, and a judgment for the extraordinary expenses the Fringe Benefit Funds have incurred through the present to audit Defendant.

6. A judgment for all amounts due to Local 125 for Working Assessment Due, plus an additional award for all amounts provided for under the Collective Bargaining Agreements.

7. A judgment for all amounts due to the Industry Fund, plus an additional award for all amounts provided for under the Collective Bargaining Agreements.

8. Such other and future relief as the Court deems proper.

**ANSWER:**

The above allegations contain Plaintiffs' demand for judgment and prayer for relief, to which no response is required. To the extent that a response is required, Defendant denies the above allegations and expressly denies that Plaintiffs are entitled to judgment or any recovery whatsoever.

**AFFIRMATIVE AND/OR ADDITIONAL DEFENSES**

Without prejudice to its denials and other statements of its pleadings, Defendant alleges the following affirmative and additional defenses:

1. Plaintiffs' claim, in whole or in part, fails to state a claim upon which relief can be granted as a matter of fact and law.

2. Any contributions or other payments due under the terms of the CBAs and declaration of trust are subject to coordination of benefits, offset, integration or other deduction or adjustment in accordance with the applicable CBA, declaration of trust, Fund policy, other Fund practices, and/or applicable law.

3. Any contributions or other payments due to Local 125 under the terms of the CBAs and declaration of trust are subject to coordination of benefits, offset, integration or other

18

deduction or adjustment in accordance with the relevant reciprocity agreement(s), including but not limited to the United Association Pension Fund and Health and Welfare Fund Reciprocal Agreement(s).

4. Plaintiffs claim for liquidated damages is void as a penalty.

5. Plaintiff seeks damages that are not provided under the applicable CBAs and declaration of trust.

6. Plaintiffs' claims may be barred, in whole or in part, due to unjust enrichment.

7. Plaintiff's claims may be barred, in whole or in part, due to prior payment.

8. Some or all of Plaintiffs' claims may be barred, in whole or in part, by their failure to mitigate damages.

9. Some or all of Plaintiffs' claims may be barred, in whole or in part, because they are unripe and/or premature.

10. Some or all of Plaintiffs' claims may be barred, in whole or in part, by the doctrines of accord and satisfaction and/or account stated.

11. Alternatively, to the extent Plaintiffs establish a breach of the CBA, Defendant's nonperformance or partial nonperformance is excused due to its substantial performance and de minimus harm to the Fund.

12. Alternatively, to the extent that Plaintiffs are entitled to damages, Defendant is entitled to an offset for any consideration previously provided.

19

Case 1:19-cv-00068-LRR-KEM   Document 29   Filed 04/14/20   Page 19 of 20

13. Some or all of Plaintiffs' claims may be barred, in whole or in part, because Defendant complied with and satisfied all terms, conditions, duties and obligations, of any and all purported contracts or agreements, express or implied, to which it is a party.

Defendant reserves the right to amend its answer and to assert any additional affirmative and other defenses as may become available or apparent at a future date.

WHEREFORE, Defendant respectfully requests that the Court deny the relief sought by Plaintiffs, dismiss the action with prejudice and enter judgment on Defendant's behalf, and award Defendant any such other relief as the Court deems just and proper.

Respectfully submitted,

RYAN & ASSOCIATES, INC.

By */s/ Mikkie R. Schiltz*
   Mikkie R. Schiltz, One of Its Attorneys
LANE & WATERMAN LLP
220 North Main Street, Suite 600
Davenport, IA 52801
Telephone: (563) 324-3246
Facsimile: (563) 324-1616
Email: mschiltz@l-wlaw.com

**ATTORNEYS FOR DEFENDANT**