IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| Bret Brecke and Joe Ockenfels, in their capacity as the Trustees for the U.A. Local 125 Health and Welfare Fund, the U.A. Local 125 Retirement Savings Plan and the U.A. Local 125 Vacation Fund, Randy Staab and Jim Germaine, in their capacity as the Trustees for the Local Union No. 125 JATC Fund, and each of their successors, the United Association of Journeyman and Steamfitters Local 125, and Cedar Rapids Iowa City Mechanical Contracting Industry Development Fund,<br><br>        Plaintiffs,<br><br>  vs.<br><br>Ryan & Associates, Inc.,<br><br>        Defendant. | Civil Action No. 1:19-cv-00068 LRR-KEM |
| Ryan & Associates, Inc.<br><br>        Third-Party Plaintiff,<br><br>  vs.<br><br>Brian Benbow, Gregory DeSmet, Greg Hester, Richard Lundvall, Richard Sexson, Weldon Fink, Thomas McCune, Ryan Newswander, David Noll, and Patrick Verschoore, in their capacity as the Trustees for the Plumbers and Pipefitters Local No. 25 Welfare Fund and the Plumbers and Pipefitters Local No. 25 Pension Fund, and each of their successors,<br><br>        Third-Party Defendants. | |

# DEFENDANT'S THIRD-PARTY COMPLAINT

Comes now Defendant/Third-Party Plaintiff Ryan & Associates, Inc., ("Ryan" or "Third-Party Plaintiff") and brings the following third-party action against Brian Benbow, Gregory DeSmet, Greg Hester, Richard Lundvall, Richard Sexson, Weldon Fink, Thomas McCune, Ryan Newswander, David Noll, and Patrick Verschoore, in their capacity as the Trustees for the Plumbers and Pipefitters Local No. 25 Welfare Fund and the Plumbers and Pipefitters Local No. 25 Pension Fund ("the Local 25 Funds" or "Third-Party Defendants"), and states as follows:

## I.   BACKGROUND

1.   Third-Party Plaintiff, Ryan, is an Iowa business corporation. It operates in various geographical locations, including in and around the Cedar Rapids, Iowa area, as a mechanical contractor. Ryan's address is 10955 160th Street, Davenport, IA 52804. Defendant Ryan is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

2.   Third-Party Defendants Brian Benbow, Gregory DeSmet, Greg Hester, Richard Lundvall, Richard Sexson, Weldon Fink, Thomas McCune, Ryan Newswander, David Noll, and Patrick Verschoore, are Trustees of the Plumbers and Pipefitters Local No. 25 Welfare Fund and the Plumbers and Pipefitters Local No. 25 Pension Fund. The Welfare and Pension Funds are multiemployer, jointly-trusteed fringe benefit plans created and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. § 186(c)(5). The Welfare and Pension Funds are administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, *et seq*. ("ERISA"), and is exempt from federal income taxation pursuant to Internal Revenue Code Section 501(c)(9).

3.   In this action Plaintiffs Bret Brecke and Joe Ockenfels, in their capacity as the Trustees for the U.A. Local 125 Health and Welfare Fund, the U.A. Local 125 Retirement

2

Savings Plan and the U.A. Local 125 Vacation Fund, Randy Staab and Jim Germaine, in their capacity as the Trustees for the Local Union No. 125 JATC Fund, and each of their successors, the United Association of Journeyman and Steamfitters Local 125, and Cedar Rapids Iowa City Mechanical Contracting Industry Development Fund ("Plaintiffs"), purport to bring this action to enforce certain rights pursuant to a payroll audit and to collect alleged unpaid fringe benefit contributions under the terms of a collective bargaining agreement ("CBA").

4. Plaintiffs purport to bring this lawsuit under ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and ERISA § 515, 29 U.S.C. § 1145, and Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Plaintiffs purport to bring this action to enforce Ryan's obligations under a collective bargaining agreement.

5. Ryan brings this third-party claim against the Local 25 Funds under federal common law.

6. The Plaintiffs and Ryan agree this Court has subject-matter jurisdiction over the underlying lawsuit under ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and ERISA § 515, 29 U.S.C. § 1145, and Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. The Court should exercise supplemental jurisdiction over this Third-Party Complaint under 28 U.S.C. §1367(a) in that the causes of action alleged herein are so related to the claims brought against Ryan by the Plaintiffs that they all form part of the same case or controversy.

## COUNT I: Unjust Enrichment

7. Ryan incorporates herein paragraph 1 through 6 above.

8. Upon information and belief, the Local 25 Funds and the Local 125 Funds have executed and are signatories to one or more United Association of Journeymen and Apprentices

3

of the Plumbing and Pipe Fitting Industry of the United States and Canada ("United Association") reciprocity agreements.

9. Signatories of the United Association reciprocity agreements provide benefits to employees in the plumbing and pipefitting industry who are employed by employers bound to collective bargaining agreements with the United Association or one of its affiliated state or provincial associations, district councils, or local unions.

10. The reciprocity agreements set forth that the home fund (in this case -- the Local 25 Funds) shall receive employer contributions from local funds (in this case--the Local 125 Funds) when contributing employers make contributions to a local fund as pay of a project that employs an employee (referred to as a "traveler") who has travelled to the jurisdiction of another local fund.

11. The reciprocity agreements contemplate that signatory funds shall not be liable to any other signatory funds for any sums except to the extent of employer contributions on behalf of travelers that are in fact made.

12. One purpose of the reciprocity agreements is to limit the loss or interruption of benefits through the reciprocal agreement among the funds in the plumbing and pipefitting industry so that employees' monies can be transferred and accumulated in a home fund.

13. Ryan paid the Local 25 Funds all due employer contributions on behalf of United Association travelers during the period of January 2014 through June 2019.

14. In the underlying lawsuit, Local 125 has claimed a right to various contributions that Ryan made to the Local 25 Funds on behalf of travelers.

15. To the extent Ryan is liable to the Local 125 Funds for any health and welfare or pension contributions it made directly to the Local 25 Funds for travelers whose home fund is

4

Local 25, Ryan is entitled to equitable restitution or equitable refund from Local 25 for all amounts it is ordered to pay to Local 125 under the reciprocity agreements.

16. To the extent the Court finds Ryan mistakenly paid or overpaid the Local 25 Funds contributions which must be transferred or is owed to the Local 125 Funds, in whole or in part, Ryan is entitled to equitable restitution or refund from the Local 25 Funds in the amounts ordered as due to the Local 125 Funds, including interest and any other equitable damages.

**WHEREFORE**, Defendant/Third-Party Plaintiff Ryan & Associates prays the Court for judgment against Third-Party Defendants Brian Benbow, Gregory DeSmet, Greg Hester, Richard Lundvall, Richard Sexson, Weldon Fink, Thomas McCune, Ryan Newswander, David Noll, and Patrick Verschoore, in their capacity as the Trustees for the Plumbers and Pipefitters Local No. 25 Welfare Fund and the Plumbers and Pipefitters Local No. 25 Pension Fund, awarding Third-Party Plaintiff equitable restitution for the full amount of any judgment entered against it on the claims of the Plaintiffs, including but not limited to delinquent contributions, costs, and attorney's fees assessed against for Third-Party Plaintiff's, costs and attorney's fees incurred in defending against the claims of the Plaintiffs and in prosecuting this Third-Party Complaint; and for all other relief to which Third-Party Plaintiff may be entitled.

Respectfully submitted,

RYAN & ASSOCIATES, INC.

By */s/ Mikkie R. Schiltz*
  Mikkie R. Schiltz, One of Its Attorneys
LANE & WATERMAN LLP
220 North Main Street, Suite 600
Davenport, IA  52801
Telephone: (563) 324-3246
Facsimile:  (563) 324-1616
Email:  mschiltz@l-wlaw.com

**ATTORNEYS FOR DEFENDANT**