## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

| | |
|---|---|
| Bret Brecke and Joe Ockenfels, in their capacity as the Trustees for the U.A. Local 125 Health and Welfare Fund, the U.A. Local 125 Retirement Savings Plan and the U.A. Local 125 Vacation Fund, Randy Staab and Jim Germaine, in their capacity as the Trustees for the Local Union No. 125 JATC Fund, and each of their successors, the United Association of Journeyman and Steamfitters Local 125, and Cedar Rapids Iowa City Mechanical Contracting Industry Development Fund,<br><br>        Plaintiffs,<br><br>   vs.<br><br>Ryan & Associates, Inc.,<br><br>        Defendant. | Civil Action No. 1:19-cv-00068 LRR-KEM |

## CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

The Parties to this Confidentiality Agreement and Protective Order have agreed to the terms this Order and jointly moved this Court for an order, adopting the agreed upon terms. Accordingly, it is ORDERED:

1.　　Scope.  All materials produced or adduced in the course of discovery, including responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (collectively "documents"), shall be subject to this Confidentiality Agreement and Protective Order ("Order") as defined below. This Order is subject to the Local Rules of

1

this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. Confidential Information. Subject to the provisions and exceptions set forth in Subsections (a), (b) and (c) below, as used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party, including any copies, summaries, charts or notes made from them and any facts or information derived from them by the persons to which such information is disclosed.

(a) Information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" falls within one or more of the following categories: (1) information prohibited from disclosure by statute; (2) information that reveals trade secrets; (3) research, technical, commercial or financial information (including but not limited to bank statements and cancelled checks, accounts payable check registers, vendor invoices, W-2 forms and 1099/1096 forms), that the party has maintained as confidential; (4) medical information concerning any individual; (5) personal identity information; and (6) information regarding contractors or subcontractors, customers, and the relationship status between Ryan and affiliated entities; or (7) personnel or employment records of a person who is not a party to the case.

(b) Information designated as "CONFIDENTIAL - FOR COUNSEL/AUDITOR ONLY" falls within one or more of the following categories: (1) research, technical, commercial or financial information (including but not limited to bank statements and cancelled checks, accounts payable check registers, vendor invoices, W-2 forms and 1099/1096 forms), that the party has maintained as confidential; (2) income tax returns (including attached schedules and forms); (3) information regarding contractors or subcontractors, customers, and

2

the relationship status between Defendant Ryan & Associates, Inc. (hereinafter "Defendant") and its affiliated entities; and (4) documents produced in response to Plaintiffs' First Set of Requests for the Production of Documents, Requests Numbers 6 and 7 to the extent not included under categories 1-3.

(c)     Information or documents that are available to the public may not be designated as Confidential Information.

3.     Designation.

(a)     A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL - FOR COUNSEL/AUDITOR ONLY" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, notes or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL - FOR COUNSEL/AUDITOR ONLY" shall be applied prior to or within a reasonable time after documents are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL - FOR COUNSEL/AUDITOR ONLY" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL - FOR COUNSEL/AUDITOR ONLY" shall also be so marked by the responsible party making such copies, except that indices, electronic databases or lists of

3

documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.[1]

       (b)    The designation of a document as Confidential Information is a certification by an attorney or a party appearing pro se that the document contains Confidential Information as defined in this order.

    4.    Audit Related Documents.

       (a)    To the extent documents requested by the Plaintiffs are those documents requested as part of the underlying audit in this litigation, Defendant may designate those documents as "CONFIDENTIAL - FOR COUNSEL/AUDITOR ONLY" but only if those documents meet the definition set forth in paragraph 2(b).

       (b)    If persons authorized pursuant to this order to receive \audit related documents which have been designated as "CONFIDENTIAL – FOR COUNSEL/AUDITOR ONLY" make any notes in any form (handwritten or otherwise), that person shall make sure any notes taken that include materials designated as "CONFIDENTIAL - FOR COUNSEL/AUDITOR ONLY" are similarly marked, and subject them to the same confidentiality restrictions as if the actual documents or copies were produced.

    5.    Depositions

---

[1] An attorney who reviews the documents and designates them as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or "CONFIDENTIAL - FOR COUNSEL/AUDITOR ONLY" must be admitted to the Bar of at least one state but need not be admitted to practice in the Northern District of Iowa unless the lawyer is appearing generally in the case on behalf of a party. By designating documents confidential pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until the expiration of the following: No later than the fourteenth day after the transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony was given, Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information or "CONFIDENTIAL - FOR COUNSEL/AUDITOR ONLY", and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court.

6.     Protection of Confidential Material.

(a)     General Protections. Confidential Information shall not be used or disclosed by the receiving parties, counsel for the receiving parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in the payroll audit, or in the collection of any delinquent contributions (including any subsequent litigation or appeal thereof).

(b)     Limited Disclosures.  The Funds and counsel for the Funds shall not disclose or permit the disclosure of any Confidential Information marked  "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL - FOR COUNSEL/AUDITOR ONLY", they have received to any person or entity except as set forth in subparagraphs (1)-(4). Subject to these requirements, the following categories of persons may be allowed to review

5

Confidential Information. In no instance, however, will Confidential Information be shared with any Local 125 Business Agents that are not members of the UA125 Funds' Board of Trustees, unless authorized in writing by Defendant and as specified below:

(1)   Counsel for the Funds. Counsel for the Funds is limited to Pamela Nissen, Michael Joliat and Peter Rosene of Reinhart Boerner Van Deuren s.c., and Jennifer Germaine of Germaine Law Firm, along with all employees of Reinhart or Germaine working on this matter but only after they have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(2)   The Auditor. Auditor is limited to Jevan Gee, Patrick Lynch, and Michael Mead of CliftonLarsonAllen LLP, and any other employee assigned to this project, but only after they have completed the certification contained in Attachment A. Acknowledgment of Understanding and Agreement to Be Bound;

(3)   The Funds. The Funds are limited to the UA125 Funds' Board of Trustees and Shelley VanDraska, the UA125 Funds Administrator, but only after they have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound. In addition, Confidential Information disclosed to the UA125 Funds' Board of Trustees shall be limited to the Auditor's completed audit report and any of the Auditor's work product supporting or summarizing any delinquent contributions if found. If a document has been marked as "CONFIDENTIAL- FOR COUNSEL-AUDITOR ONLY", Counsel for the Funds will not provide copies of the document or information contained therein to the Board members. If Counsel believes a document or information contained therein is necessary to be provided to the Board, the parties to this Order will discuss the disclosure and if an agreement cannot be reached, the parties will proceed to the dispute resolution process set forth in paragraph 10 below.

(4)   The Industry Fund. Disclosure to the Industry Fund is subject to Paragraph 6(b)(3) and is limited to Scot Stoltenberg, the Executive Vice President, but only after he has completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to be Bound.

6

(5) U.A. Local 125. Disclosure to U.A. Local 125 is subject to Paragraph 6(b)(3) and is limited to its Business Manager Michael Sadler, but only after he has completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to be Bound.

(6) Others by Consent. Other persons only by written consent of the producing party and on such conditions as may be agreed or ordered.

(c) Control of Documents. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure materials designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL - FOR COUNSEL/AUDITOR ONLY." Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Agreement for a period of three years after the termination of the payroll audit.

7. Inadvertent Failure to Designate. An inadvertent failure to designate a document as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL - FOR COUNSEL/AUDITOR ONLY" does not, standing alone, waive the right to so designate the document. If a party designates a document as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL - FOR COUNSEL/AUDITOR ONLY" after it was initially produced, the receiving party, on notification of the designation, must make a assure that the document is treated in accordance with the provisions of this Order.

8. Filing of Confidential Information. This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL - FOR COUNSEL/AUDITOR ONLY"Confidential Information in connection with a motion, brief or

7

other submission to the Court must comply with the Court's Local Rules.

9. No Greater Protection of Specific Documents. Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

10. Challenges by a Party to Designation as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL - FOR COUNSEL/AUDITOR ONLY." The designation of any material or document as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL - FOR COUNSEL/AUDITOR ONLY" is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a) Meet and Confer. A party challenging the designation of materials as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL - FOR COUNSEL/AUDITOR ONLY" must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

(b) Judicial Intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of

8

this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as either "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL - FOR COUNSEL/AUDITOR ONLY" under the terms of this Order.

11. Action by the Court. Applications to the Court for an order relating to materials or documents designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL - FOR COUNSEL/AUDITOR ONLY" shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

12. Use of materials designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL - FOR COUNSEL/AUDITOR ONLY" at Trial. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present materials designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL - FOR COUNSEL/AUDITOR ONLY" at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the materials. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

13. Materials designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL - FOR COUNSEL/AUDITOR ONLY" Subpoenaed or Ordered Produced in Other
Litigation.

(a)     If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL - FOR COUNSEL/AUDITOR ONLY," the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

(b)     The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c)     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its materials designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL - FOR COUNSEL/AUDITOR ONLY" in the court from which the subpoena or order issued.  The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.  The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control materials designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL - FOR COUNSEL/AUDITOR ONLY" by the other party to this case.

10

14.     Challenges by Members of the Public to Sealing Orders. A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

15.     Obligations on Conclusion of Litigation.

(a)     Order Continues in Force. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)     Obligations at Conclusion of Litigation. Within fifteen days of settlement or after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL - FOR COUNSEL/AUDITOR ONLY" under this Order, including copies as defined in ¶ 3(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; or (2) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

(c)     Retention of Work Product and one set of Filed Documents. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" (but not information marked "CONFIDENTIAL - FOR COUNSEL/AUDITOR ONLY") so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set

11

of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

(d) Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System. Filings under seal shall be deleted from the ECF system only upon order of the Court.

16. Order Subject to Modification. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

17. No Prior Judicial Determination. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL - FOR COUNSEL/AUDITOR ONLY" by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

18. Willful Violation. Any willful violation of the terms of this Order may, in the discretion of the Court, be found to constitute a contempt of Court, which may result in sanctions to be fixed by the Court in its discretion.

19. Reservation of Other Objections. This Order is intended to provide a mechanism for the handling of materials marked as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL - FOR COUNSEL/AUDITOR ONLY" and documents to

12

which there is no objection to disclosure or production other than confidentiality. Each part

reserves the right to object on any other appropriate ground to any disclosure of information or

to any production of any documents in whole or in part.

     20.    **Persons Bound.** This Order shall take effect when entered and shall be binding

upon all counsel of record and their law firms, the parties, and persons made subject to this

Order by its terms

     So Ordered.

Dated: May 4, 2020

                                                                                *Kelly KE Mahoney*
United States Magistrate Judge
Northern District of Iowa

13

Bret Brecke and Joe Ockenfels, in their capacity
as the  Trustees for the U.A. Local 125 Health
and Welfare Fund, the U.A. Local 125
Retirement Savings Plan and the U.A. Local
125 Vacation Fund, Randy Staab and Jim
Germaine, in their capacity as the Trustees for
the Local Union No. 125 JATC Fund, and each
of their successors, the United Association of
Journeyman and Steamfitters Local 125,
and Cedar Rapids Iowa City Mechanical
Contracting Industry Development Fund,

          Plaintiffs,

     vs.

Ryan & Associates, Inc.,

          Defendant.

Civil Action No. 1:19-cv-00068 LRR-KEM

ATTACHMENT A

ACKNOWLEDGMENT
AND
AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Confidentiality

Agreement and Order dated _____ in the above-captioned action and attached

hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned

submits to the jurisdiction of the United States District Court for the Southern District of Iowa

in matters relating to the Order and understands that the terms of the Order obligate him/her to

use materials designated as Confidential Information in accordance with the Order solely for

the purposes of the above-captioned action, and not to disclose any such Confidential

Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Agreement and Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____     _____

Signature

42619847v.5